IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN A. DAVIS, | ) | |
| | ) | Civil Action No. 16-45 J |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Susan Paradise Baxter |
| | ) | District Judge Kim R. Gibson |
| CHARLES S. SAMUELS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

On March 17, 2016, the Magistrate Judge issued a Report and Recommendation ("R&R) [ECF No. 8] in which she recommended that the Order [ECF No. 5] that granted Brian A. Davis's motion for leave to proceed *in forma pauperis* be vacated because he has acquired at least "three strikes" within the meaning of 28 U.S.C. § 1915(g). Davis filed Objections to the R&R. [ECF No. 10]. The Court is required to make a *de novo* determination as to those portions of the R&R to which objections were made. See 28 U.S.C. § 636(b)(1).

In the Prison Litigation Reform Act of 1996, Congress enacted what is commonly described as the "three strikes" provision of § 1915(g). It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is **frivolous, malicious, or fails to state a claim upon which relief may be granted**, unless a prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). If a prisoner is ineligible to proceed *in forma pauperis*, he may still file an action or appeal, but he must pay the full filing fee up front. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001) (en banc).

1

Davis does not allege he is under imminent danger of serious physical injury, so the only question before the Court is whether he has accumulated three or more strikes.[1] He has.

Davis accrued his first strike in Davis v. King, et al., No. 3:99-cv-1280 (N.D. Tx.), a civil action he filed under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). He sued four defendants (the Honorable Edwin King, Roy Lee Stacy, Esquire, Lawrence B. Mitchell, Esquire, and Mark D. McBride, Esquire). The defendants were the prosecutor of his criminal case, his two trial attorneys, and his habeas counsel. The district court dismissed the lawsuit against each defendant for failure to state a claim. (See 4/24/00 Opinion and Order, ECF No. 55, in Davis, No. 3:99-cv-1280 (dismissing action with prejudice against McBride for failure to state a claim); 6/27/00 Opinion and Order, ECF No. 64, in Davis, No. 3:99-cv-1280 (dismissing action with prejudice against King and Stacy for failure to state a claim); 8/14/00 Opinion and Order, ECF No. 74, in Davis, No. 3:99-cv-1280 (dismissing action with prejudice against Mitchell for failure to state a claim). Because that civil action was dismissed in its entirety for failure to state a claim, it counts as one strike under the terms of § 1915(g).

Davis accrued his second strike in his subsequent appeal of the dismissal of that civil action. Ball v. Famiglio, 726 F.3d 448, 464 (3d Cir. 2013) ("a dismissal of an appeal on one of the enumerated grounds counts as a PLRA strike, while an affirmance of a district court's dismissal does not, even if the underlying dismissal itself counts as a strike."), abrogated in part

---

[1] Davis contends that he has been granted *in forma pauperis* status by this Court in the past. In support, he cites Davis v. Collins, No. 1:05-cv-202, 2006 U.S. Dist. LEXIS 52986 (W.D. Pa.) and Davis v. United States, No. 1:06-cv-25, 2007 U.S. Dist. LEXIS 71957 (W.D. Pa.). Those are civil rights actions in which Davis paid the district court's filing fee. He was not granted *in forma pauperis* status in those cases. Davis also cites to a decision issued by this Court on December 8, 2006 at 2006 U.S. Dist. LEXIS 89068. That citation is to a habeas case filed by another prisoner and docketed with this Court at 1:05-cv-281 (W.D. Pa.).

on other grounds by Coleman v. Tollefson, — U.S. — , 135 S.Ct. 1759 (2015). On April 6, 2001, the United States Court of Appeals for the Fifth Circuit expressly dismissed Davis's appeal as frivolous and warned Davis that its decision was a second strike for the purposes of § 1915(g):

> Davis's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of this lawsuit for failure to state a claim constitute two strikes for purposes of the 28 U.S.C. § 1915(g) bar. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We caution Davis that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

Davis v. King, 252 F.3d 1357 (5th Cir. 2001) (per curiam). See also 6/1/01 Judgement in Court of Appeals' Docket Nos. 00-10768, 00-10525 & 00-10923, ECF No. 81 in Davis, No. 3:99-cv-1280.

Davis's third strike accrued in a civil action he filed in the United States District Court for the District of Columbia in November 2002. In that case, Davis v. The United States Congress, No. 02-cv-2166 (D. D.C.), which Davis brought with a number of other prisoners against the United States Congress, he raised a constitutional challenge to the disparities in the statutory punishments for "crack" and powder cocaine offenses. On August 29, 2003, the district court dismissed the complaint *sua sponte* for failure to state claim. See 8/23/03 Opinion and Order, ECF Nos. 3 and 4, in Davis, No. 02-cv-2166. The United States Court of Appeals for the District of Columbia Circuit affirmed the district court's decision, and the Supreme Court of the United States denied a petition for a writ of certiorari. See Judgment in Davis v. The United States Congress, No. 03-5268 (D.C. Cir. June 29, 2004); Davis v. United States Congress, 544 U.S. 1034 (2005).

3

Davis argues that the district court's decision in that case should not count as his third strike because he subsequently prevailed in another lawsuit in which he raised a similar claim against the United States Sentencing Commission. This argument has no merit. The "three strikes" rule applies to actions that were dismissed for failure to state a claim – the precise reason the district court denied his action in Davis v. United States Congress, No. 02-cv-2166 (D. D.C.). Consequently, this Court must count the district court's dismissal of that action as strike.

Davis also argues that the "three strikes" rule should not be applied to deny him *in forma pauperis* status "considering the seriousness of the allegations raised" by him in this civil action. This argument also has no merit. Section 1915(g) makes no exclusion for actions or appeals that may contain meritorious claims and the merits of the prisoner's current claims are irrelevant to the determination of whether the three-strike rule applies. Abdul-Akbar, 239 F.3d at 314 (the three-strike rule applies "no matter how meritorious subsequent claims may be."); Bishop v. Sargent Dischner, 16 F.App'x 891, 894 (10th Cir. 2001) ("the 'three strikes' provision is a filing prerequisite and must be applied whenever it is deemed appropriate under the express terms of the statute, regardless of whether the underlying claims may be meritorious.")

Based upon all of the foregoing and after a *de novo* review of the relevant documents in this case, including the R&R and Objections thereto, the following order is entered:

**AND NOW**, this 27th day of **June, 2016**, it is hereby **ORDERED** that the Magistrate Judge's R&R [ECF No. 8] is adopted as the Opinion of the Court, as supplemented herein; the Order [ECF No. 5] that granted Davis's motion for leave to proceed in forma pauperis is **VACATED**; Davis's motion for leave to proceed in forma pauperis [ECF No. 3] is **DENIED** in accordance with 28 U.S.C. § 1915(g); and, Davis must pay the entire $350.00 filing fee along

with the $50.00 administrative fee within 21 days of the date of this Order or face dismissal for

failure to prosecute.

                                                        Kim R. Gibson
                                                        United States District Court Judge